**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANTONIO BOU-MORENO<br><br>    Plaintiff,<br><br>        v.<br><br>CHRISTOPHER DE-VITA-GUTIERREZ, ET AL.,<br><br>    Defendants. | CIV. NO. 05-1600 (PG) |

### ORDER

Defendant and Third Party Plaintiff, Universal Insurance Company has filed a motion for interpleader against Antonio, María Mercedes, Sancho and Mariema Bou-Córdova, John Doe and Richard Roe (Docket No. 12).

The Bou-Córdova defendants are the siblings of Francisco Bou-Córdova, who according to the complaint filed herein suffered an accident on June 7, 2004 and consequential damages as a result thereof when he was impacted by an automobile while crossing Road 17 (Piñero Avenue) in San Juan, Puerto Rico. John Doe and Richard Roe are unknown parties that may also have claims against defendant and third party plaintiff Universal Insurance Company (hereinafter "Universal").

Universal had issued an insurance policy affording coverage for the accident described in the complaint. The claims are such that said insurer could be exposed to double or multiple liability if all parties with interest in the proceeds of the insurance policy are not joined in one action.

The interpleader is regulated by Rule 22 of the Federal Rules of Civil Procedure, which provides that:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in

Civ. No. 06-1001 (PG)                                                    Page 2

> part to any or all of the claimants.  A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

Fed. R. Civ. P. 22(1).

This procedure has been regarded as an "admirable remedy." WRIGHT MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1701(3d ed 2001)(citing Chafee, Modernizing Interpleader, 20 Yale L.J. 814 (1921).  A remedy in existence at common law for over 600 years, created "as a device that could be used by a defendant in a limited number of circumstances to protect himself from double vexation upon a single liability." Id.

Its current version in the Federal Rules of Civil Procedure indicates that it is a "remedial joinder device that serves as a useful adjunct to the provision for permissive joinder of parties found in Rule 20." WRIGHT, at § 1702.  It has been regarded as a liberal provision which allows joinder of plaintiffs when "a stakeholder is uncertain if and to whom he is liable for money or property held by him." Id.  This is the exact situation present here with Universal, who is or may be liable to multiple parties on a single insurance policy.

Accordingly, Universal's Interpleader, (**Docket No. 12**), is **GRANTED** and it is ordered that summons be issued accordingly to give notice to those known parties being interpleaded.  Universal is ordered to file the pertinent documents to serve summons by publication upon those unknown parties subject to interpleader.  Universal is further ordered to deposit in Court the amount of Fifty Thousand Dollars ($50,000.00) representing the proceeds payable under insurance policy PPR 541-042-04138 upon the appearance of the interpleaded parties.

**SO ORDERED.**

In San Juan, Puerto Rico, February 27, 2006.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE